Honorable Lyndon Olson, Jr. Chairman House Committee on Higher Education State Capitol Austin, Texas 78711
Re: Vacation entitlement of professional librarians.
Dear Representative Olson:
You have requested an opinion regarding the vacation leave policy for professional librarians at the University of Texas. You have submitted the following questions:
 1. Is the plan for compensatory vacation time in existence until November 1977 for professional librarians at The University of Texas at Austin consistent with the current Appropriations Act of the Texas Legislature?
 2. If your answer to question one above is in the negative, must The University of Texas develop alternative terms of appointment so that said vacation benefits can be legally honored while said plan was in effect and had been for eight years and who relied on said plan in entering into employment with The University?
 3. If your answer to question two above is in the negative, must The University find an alternative method of compensating said librarians for their loss of compensatory vacation time?
University policy has provided the professional librarian ten days of `compensatory vacation time' in addition to the approximately one day a month which accrued as per the Appropriations Act, article V, section 7. The extra ten days, characterized in some communications as holidays, were usually taken during the Christmas and spring breaks when classes were not in session. Librarians thus received approximately 22 days of vacation in addition to those official state holidays which the university observed. General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. V, § 6, at 3144. This policy, which has been in effect for eight years, was terminated last year. This vacation time was represented to the librarians as an element of their employment. We understand that 22 days of vacation for professional librarians compares with vacation benefits provided by other universities in the country and that it was a substantial condition on which the applicants relied in accepting a position with the university.
Since the university communications referring to this practice do not make entirely clear whether the ten days of `compensatory vacation time' constitute vacation days or holidays, we will discuss the Appropriations Act provisions regarding both. The current Appropriations Act provides as follows:
6.
. . .
 . . . . employees including hourly wage workers for each year covered by this Act shall be only those specified as follows: The second day in January in 1978 and the first day of January in 1979, the third Monday in February, the second day in March, the 21st day of April, the last Monday in May, the fourth day of July, the 27th day of August, the first Monday in September, the second Monday in October, the eleventh day in November, the fourth Thursday in November and the Friday immediately following and the 25th day of December. In addition to the preceding holidays, State agencies may close on December 23, and 26, 1977 and December 26, 1978, to provide a Christmas holiday period. Holidays falling on Saturdays or Sundays shall not be observed by closing State offices on the preceding or following days except the specific days authorized for a Christmas holiday period.
 Legal holidays and the Christmas holiday period to be observed by agencies of higher education and special schools under the State Board of Education shall not exceed the number of days specified in this Subsection; and the governing boards of the various educational institutions may adjust the actual observance of such holidays as will permit efficient academic schedules.
 Agencies of the State designated in Articles I, II and III of this Act shall not substitute the observance of the designated holidays unless the continuing nature of agency operations requires employees to work on a designated holiday. An employee who is required to work and who does work on any of the designated holidays shall be entitled to compensating time off to be taken on such day as may be mutually agreed upon by the employee and his supervisor.
. . . .
Sec. 7. EMPLOYEES VACATIONS AND LEAVES. a. Employees of the State shall, without deduction of salary, be entitled to a vacation in each fiscal year. Such entitlement shall be earned in accordance with the following shedule.
[schedule of hours accrued]
Acts 1977, 65th Leg., ch. 872, art. V, at 3145. Professional librarians are state employees, whether characterized as faculty members or nonteaching personnel. Educ. Code §§ 51.101, 51.352. Attorney General Opinion S-172 (1955); see Attorney General Opinion H-1055 (1977). Holiday and vacation time provided them must be consistent with the above provisions of the Appropriations Act. See Attorney General Opinion V-1452 (1952). We find no exception in the Act or other statute. In our opinion, the policy providing compensatory vacation time is inconsistent with the current Appropriations Act to the extent that it allows librarians to accrue vacation days in excess of the number permitted by the schedule in article V, section 7.
However, to the extent that extra time off during the Christmas and spring breaks actually constitutes the observance of alternate holidays to permit efficient academic schedules, we believe it may be provided consistently with the Appropriations Act. A rule promulgated by the Regents of the University of Texas indicates that employees are entitled to all holidays in the Appropriations Act, or approved alternate days:
 All faculty, classified and other nonteaching personnel are entitled to such holidays as are provided by the Legislature in the then current appropriation bill and as are approved annually by the President of the System and the Board, or alternate holidays approved in the official calendars of the various institutions by the President of the System and the Board.
Regents' Rules and Regulations, Chapter III, § 14. Of course, the total number of legal holidays given by institutions of higher education may not exceed the number provided in the Appropriations Act. The university may provide ten alternate holidays at Christmas and spring breaks only if it does not observe ten holidays at the times designated in the Appropriations Act.
Your final two questions involve action the university might take to honor the purported contracts. Any contract which is contrary to state law is void, and the university would be unauthorized to provide more days off than the law permits. Accordingly those two questions must be answered in the negative.
 SUMMARY
Professional librarians at the University of Texas, as state employees, are entitled only to the vacation leave and holidays provided by the Appropriations Act.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee